**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE: 3M COMBAT ARMS
EARPLUG PRODUCTS LIABILITY
LITIGATION,

Case No. 3:19-md-2885

Judge M. Casey Rodgers
Magistrate Judge Gary R. Jones

This Document Relates to:

*United States of America v. 3M Company*
Case No. 3:20-mc-63
_____/

**ORDER**

Pending before the Court is the Government's motion to quash Defendants' Third Amended Subpoena to non-party LTC Theresa Schulz (an employee of the Department of Defense) pursuant to Federal Rule of Civil Procedure 45 and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) ("*Touhy*").  MC ECF No. 13.[1]  Defendants have filed a response in opposition to the motion, MC ECF No. 15, and the Government, with leave of court, has filed a reply memorandum, MC ECF No. 18.  For the reasons discussed below, the Government's motion to quash is **GRANTED**.

---

[1] For ease of reference, citations to the docket in this miscellaneous matter (Case No. 3:20-mc-63-MCR-GRJ) are "MC ECF No. __."  Citations to the docket in the MDL (Case No. 3:19-md-2885-MCR-GRJ) are "MDL ECF No. __."

This multidistrict litigation is a collection of products liability actions concerned with whether Defendants were negligent in their design, testing, and labeling of the nonlinear dual-ended Combat Arms Earplug Version 2 (the "CAEv2"). Plaintiffs are servicemembers, veterans, and civilians seeking damages in this action for hearing loss, tinnitus, and related injuries caused by their use of the CAEv2. MDL ECF No. 704.

The Government has been a rich and often critical source of discovery related to Plaintiffs' claims and Defendants' defenses, particularly earlier in this litigation when Defendants attempted to invoke the government contractor defense as a shield from state tort liability for those plaintiffs claiming injury from using the CAEv2 during their military service. *See* MDL ECF No. 1280 (denying Defendants' motion for summary judgment based on the government contractor defense and granting Plaintiffs' motion for summary judgment on the same as a matter of law).

Relevant here, on December 2, 2019, Defendants sent United States Army Major Collin Evans, on behalf of the Department of Defense, a request to interview and depose LTC Schulz, who Defendants describe as a "military audiologist who participated in the military's solicitation of the Combat Arms Earplug." MC ECF No. 13-1 at 9. Defendants suggested to Major Evans that LTC Schulz's role in the military is relevant to this

litigation because she attended "meetings with representatives from the U.S. military, Aearo and ISL to discuss the design and development of the dual-ended Combat Arms Earplug" and "participat[ed] in sessions of the DoD Hearing Conservation Working Group at which the Combat Arms Earplugs were proposed and discussed." *Id.* Defendants sought to depose LTC Schulz regarding: "(i) the military's desire for a non-linear hearing protection device; (ii) the military's participation in the design and development of non-linear hearing protection devices, including the Combat Arms Earplug; (iii) analyses or testing of non-linear earplugs containing the ISL filter, including the Combat Arms Earplug; and (iv) the location of any documents or data regarding those topics." *Id.*

The Department denied Defendants' request in August 2020. MC ECF No. 13-4. The Department explained that LTC Schulz's anticipated testimony would be "irrelevant in light of the Court's decision that 3M cannot avail itself of the government contractor defense," that she lacked relevant information that would not be cumulative of that disclosed by other witnesses, and that her limited recollection of the DoD Hearing Conservation Working Group would be cumulative of testimony previously provided by COL Kathy Gates and LTC Lorraine Babeu. *Id.* at 2–3. The Department, nevertheless, invited Defendants to supplement their request

3

with any relevant information concerning LTC Schulz that they wished the Department to consider. *Id.* at 3.

Two weeks later, Defendants, in accordance with Pretrial Order No. 50, MDL ECF No. 1340, issued an Amended Subpoena and, on September 28, a Second Amended Subpoena to LTC Schulz for her deposition. MC ECF Nos. 13-2, 13-3. The Government moved to quash the Second Amended Subpoena in the Western District of Texas, MC ECF No. 1, and, upon 3M's motion, MC ECF No. 2, Judge David Alan Ezra transferred the matter to this Court but denied the pending motion to quash as moot subject to refiling, MC ECF No. 6. The Government did not renew its motion to quash.

On December 1, at the Court's instruction, Defendants issued a Third Amended Subpoena to LTC Schulz for her deposition, scheduled to take place on December 22. MC ECF No. 13-1. Defendants' subpoena merely referred to their initial discovery request to interview and depose LTC Schulz. *Id.* The Department responded to the subpoena in a comprehensive letter on December 16. MC ECF No. 13-6. The Department raised several objections to Defendants' Third Amended Subpoena, including that: (1) a deposition of LTC Schulz would be unduly burdensome; (2) the discovery sought is irrelevant in view of the Court's

4

order denying summary judgment on the government contractor defense and, therefore, not proportional to the needs of the case; (3) LTC Schulz lacks relevant knowledge regarding the design, development, analyses, and testing of non-linear earplugs; (4) her testimony would be cumulative or duplicative LTC John Merkley (the Army Hearing Program Manager), Dr. Richard Price (Senior Guest Researcher at the Army Research Laboratory), Col. Gates, and Dr. Babeu; and (5) the cumulative impact of Defendants' subpoenas would pose an undue burden on the Department's administration. *Id.* The Government filed the instant motion to quash two days later. MC ECF No. 13.

The Government's motion to quash is governed by the Housekeeping Statute (5 U.S.C. § 301), the Department of Defense *Touhy* regulations (32 C.F.R. § 97.1, *et seq.*), and the Administrative Procedure Act ("APA") (5 U.S.C. § 706). *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2020 WL 6787216, at \*\*3–5 (N.D. Fla. Oct. 29, 2020), *report and recommendation adopted*, 2020 WL 6746620, at \*1 (Nov. 17, 2020); *see also Westchester Gen. Hosp., Inc. v. Dep't of Health and Human Servs.*, 443 F. App'x 407, 409 n.1 (11th Cir. 2011); *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991). The Housekeeping Statute authorizes the Department of Defense to adopt regulations concerning

testimony by agency employees and the production of government documents. *Touhy*, 340 U.S. at 463. The Department's *Touhy* regulations require the Department to consider myriad factors when deciding whether to authorize or preclude agency employees to testify or produce documents, including, in pertinent part, "[w]hether the request or demand is unduly burdensome or otherwise inappropriate under the applicable court rules[.]" 32 C.F.R. § 97.6(b)(1). If the agency's decision is challenged on a motion to quash or motion to compel, the Court must determine whether it is arbitrary and capricious under the APA, such that the agency failed to "examine[] the relevant data" or to articulate "a rational connection between the facts found and the choice made." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2569 (2019).

Turning to the dispute at hand, the Government argues that the Department's decision to preclude LTC Schulz's deposition is not arbitrary and capricious because the Department carefully considered Defendants' *Touhy* request and offered detailed and case-specific reasons for denying it (as described above and in the Department's December 16, 2020, letter). MC ECF No. 13 at 8–12. Alternatively, the Government asserts that the Third Amended Subpoena should be quashed under Rule 45 because it is unduly burdensome insofar as it seeks information that is irrelevant,

6

cumulative, or duplicative or has a significant cumulative impact on the Department.  *Id.* at 12–19.

The Court concludes the Department's decision to preclude LTC Schulz's deposition is not arbitrary and capricious and Defendants' arguments to the contrary must fail.  First, Defendants inexplicably address the Department's September 30 response to their Second Amended Subpoena to LTC Schulz, MC ECF No. 13-5, not the Department's December 16 response to the Third Amended Subpoena challenged in the instant motion to quash, MC ECF No. 13-6.  *See* MC ECF No. 15 at 2–4.  As the Government points out, this leaves unaddressed some of the Department's contentions in support of its denial of Defendants' *Touhy* request, which is sufficient to affirm the Department's decision as unopposed.  *See* MC ECF No. 18 at 4 (stating that Defendants only contest the argument that LTC Schulz's testimony would be cumulative or duplicative of LTC Merkley and Dr. Price, not COL Gates or Dr. Babeau).  *Pierce v. S.E.C.*, 786 F.3d 1027, 1034 (D.C. Cir. 2015) ("It is well understood in administrative law that a reviewing court will uphold an agency action resting on several independent grounds if any of those grounds validly supports the result.").

7

Second, Defendants improperly attempt to refashion the administrative record before the Court (and on which the Department's decision rested) in the hope of showing that LTC Schulz's testimony is still relevant. For example, they say their initial December 2, 2019, *Touhy* request included an assertion that "LTC Schulz participated in the crucial meeting with representatives from Aearo where Doug Ohlin opted for a dual-ended product." MC ECF No. 15 at 3. It did not. MC ECF No. 13-1 at 9. Defendants also aver that LTC Schulz may "provide unique testimony regarding the military's development of training materials for the CAEv2," and they provide a 2005 email by LTC Schulz as an exhibit in support of that assertion. MC ECF No. 15 at 4. Defendants, however, did not request to depose LTC Schulz on this topic. MC ECF No. 13-1 at 9. These arguments are unavailing on APA review because the Department's "only obligation [was] to consider the information presented to it in a request in light of the Department's regulations." *Westchester Gen. Hosp., Inc. v. Dep't of Health and Human Servs.*, 770 F. Supp. 2d 1286, 1298 (S.D. Fla. 2011), *aff'd*, 443 F. App'x 407 (11th Cir. 2011); *see also Dep't of Commerce*, 139 S. Ct. at 2753 ("In reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record.").

Lastly, it is not apparent that LTC Schulz would provide relevant testimony if deposed. She states in her sworn declaration that her only involvement with the Hearing Conservation Working Group was focused on the Defense Occupational and Environmental Health Readiness System, Hearing Conservation, that she does not recall the December 16, 1997, meeting with Dr. Ohlin or any meetings discussing the acquisition of non-linear earplugs, that she was not involved in the acquisition of any such earplugs, and that she does not recall participating in the development of training materials. MC ECF No. 18-3. Although LTC Schulz's declaration was drafted for the purpose of this litigation (and, therefore, not part of the administrative record), the statements therein support the Department's assertion that she "lacks relevant knowledge of the information listed in [Defendants'] request or the limited information she can provide is cumulative of what various other witnesses have disclosed during their depositions." MC ECF No. 13-6 at 4.

In sum, the administrative record reveals that the Department examined the facts before it and considered whether LTC Schulz's deposition would be an undue burden or inappropriate under the Federal Rules of Civil Procedure, as required by its *Touhy* regulations. Defendants

9

fail to demonstrate that the Department's reasoning to preclude LTC Schulz's testimony is arbitrary and capricious.

Accordingly, it is **ORDERED** that the Government's motion to quash, MC ECF No. 13, is **GRANTED**.

**DONE AND ORDERED** this 19th day of January 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge